Harvey PARISH, Plaintiff—Appellant,

v.

COUNTY OF LOS ANGELES, et
al., Defendants—Appellees.

No. 01–55961.

D.C. No. CV–99–05557–LGB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 8, 2002.*

Decided July 18, 2002.

Before HUG, FARRIS, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Harvey Parish appeals the district court's grant of judgment in favor of the County of Los Angeles. Parish's $467 tax refund was improperly intercepted by the State of California after the County failed to update its computer system to reflect that Parish no longer had a child support arrearage, and Parish claims that the County is liable under 42 U.S.C. § 1983. The State returned Parish's tax refund to him after about three months, and the district court awarded Parish statutory interest. In reviewing a judgment following a bench trial, we review the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

findings of fact for clear error and its legal conclusions de novo. *Tonry v. Security Experts, Inc.,* 20 F.3d 967, 970 (9th Cir. 1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Parish contends that the County violated his procedural due process rights. He argues that the tax intercept took place under established state procedure, and thus a pre-deprivation hearing was required pursuant to *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 436, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). We disagree. Contrary to Parish's assertions, two pre-deprivation hearings took place. At the first hearing, the court determined that Parish owed $69,000 in back child support, and at the second hearing, the court entered an order pursuant to a settlement agreement that vacated the arrearage and stated that as of November 30, 1998, Parish owed "zero" in delinquent child support payments.

Parish claims that the County's failure to enter the results of the second hearing into the computer resulted in a deprivation of his due process rights. However, we agree with the district court that the County's failure to enter that information into its computer system constitutes, at most, negligence, which does not give rise to a due process claim. *Daniels v. Williams,* 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Nor is negligence sufficient to state a substantive due process claim. *Davidson v. Cannon,* 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) ("the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care").

Parish relies on *Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), for the proposition that his due process rights were violated because he did not have an opportunity for judicial review of the deprivation. We agree with the district court, however, that the Department of Social Services' administrative review procedures provided Parish an adequate opportunity to be heard both before and after the tax intercept.

■ Moreover, the County asserts that it may not be held liable under *Monell v. Dep't. of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), because the tax intercept did not take place pursuant to a governmental customs or policies, but in spite of them. We agree. This is not a case where the County has been deliberately indifferent. *See City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Instead, an error took place that was in violation of the County's customs and procedures.

AFFIRMED.